IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEISHA JONES BEY,<br><br>    Plaintiff,<br><br>v.<br><br>NATURES POINT HOMEOWNERS ASSOCIATION, INC., *et al.*,<br><br>    Defendants.[1] | CIVIL ACTION FILE NO.<br><br>1:17-cv-5054-WSD-JKL |

## **FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court for a frivolity determination in relation to the second amended complaint filed by Plaintiff Keisha Jones Bey. [Doc. 7.]

**I.  BACKGROUND**

On December 11, 2017, Plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP") in a civil action against Defendants Natures Point

---

[1] In the original, amended, and second amended complaints, Plaintiff styles herself a "Counterclaimant," and Defendants "Counterdefendants," but presents no indication that there is any other original or underlying case, so the Court considers her the plaintiff in this action, and the other parties defendants.

Homeowners Association, Inc. ("Natures Point"); Bayview Loan Servicing, LLC ("Bayview"); the Superior Court of Douglasville ("Superior Court"); Judge McClain; Brian Fortner; Victor Harrison; and GMAC Mortgage ("GMAC"), arising from the foreclosure sale of her home in Douglasville, Georgia. [Doc. 1.] Plaintiff's motion for leave to proceed IFP was granted, and because she was proceeding IFP, the Court was required to conduct a frivolity determination. Based upon the allegations in the original, four-page complaint, however, it was clear that the Court did not have subject matter jurisdiction over her action as pled. Because Plaintiff was proceeding pro se, rather than dismiss her action outright, the Court postponed the frivolity determination and gave Plaintiff an opportunity to replead her complaint under Federal Rule of Civil Procedure 12(e) to invoke the Court's jurisdiction. [*See* Doc. 2.] The Court instructed Plaintiff to make sure that the amended complaint complied with the pleading requirements of the Federal Rules of Civil Procedure by, among other things, clearly identifying which claims were brought against each defendant and including enough specific factual content so that the defendants and the Court could discern the particular factual basis of each claim against each defendant. [*Id.* at 8-11.]

2

Rather than clarify her claims and the underlying factual allegations, Plaintiff filed a lengthy and confusing amended complaint. Indeed, Plaintiff's amended complaint asserted at least eight causes of action against an uncertain group of defendants[2] under both state and federal law, over approximately thirty varyingly formatted, spaced, and numbered/unnumbered pages. [*See* Doc. 4.] While Plaintiff asserted a claim under the Fair Debt Collection Practices Act ("FDCPA") in order to provide a jurisdictional hook, she failed to follow the Court's instructions to provide any clear factual allegations explaining the basis for her claims, and the amended complaint instead largely consisted of pages upon pages of legal citations and other "legalese" that appears drawn from form complaints found on the internet.[3] [*See id.*] Based upon the very few actual factual allegations presented in the amended complaint, Plaintiff's underlying contention remained that Defendant

---

[2] In the amended complaint, Plaintiff largely failed to specify which defendant is alleged to have taken which action, referring generally to "Counter defendants," "Defendants," or "Defendant" throughout, without clarifying which entity or individual she refers to in any given instance. Indeed, it is entirely unclear which entities and individuals Plaintiff's seeks to name as defendants in the amended complaint; while she has removed some—*e.g.*, Brian Fortner and Judge McClaine of the Superior Court of Douglasville—from her amended caption, she still refers to them as parties to the lawsuit in the body of the amended complaint.

[3] The variety of formatting, spacing, and numbering incorporated in the amended complaint likely resulted from Plaintiff simply copying and pasting between multiple online sources.

GMAC and/or other defendants, who obtained a security interest in her home in relation to her mortgage or sometime thereafter, either did or could not have properly authorized the assignment of that security interest, and therefore, Defendants Natures Point and Bayview—who appear to have ultimately been assigned that security interest and who conducted the foreclosure sale of her home on December 5, 2017—could not have lawfully foreclosed on her property. [*Id.* at 3-10.][4] Plaintiff also appeared to assert that some other subset of defendants acted unlawfully by facilitating the foreclosure, either through the purportedly fraudulent assignment of the security interest or as judicial officers involved in the foreclosure proceedings. [*Id.*]

Because Plaintiff's amended complaint failed in most instances to explain which defendant took any particular action or why any particular defendant might be held liable under the asserted causes of action, much less enunciate clear factual allegations within the various causes of action or explain which of the few prior factual allegations were intended to support each of the various claims, it was subject to dismissal as a shotgun pleading. Even so, given Plaintiff's pro se status,

---

[4] Plaintiff's amended complaint does not include page numbers; for present purposes, the Court uses the page numbers automatically generated by the CM/ECF system.

as well as the fact that the case had not yet passed frivolity review and no defendant had yet been drawn into the litigation, the Court gave Plaintiff "**one, final opportunity** to replead her complaint under Federal Rule of Civil Procedure 12(e)" before recommending dismissal.  [Doc. 6 at 10 (emphasis in original).]  In the repleader Order, the Court explained in detail why the amended complaint was an impermissible shotgun pleading; detailed how a number of causes of action— including her wrongful foreclosure and FDCPA claims—were deficient as a matter of law; carefully instructed Plaintiff on how to replead her complaint to comply with the pleading requirements of the Federal Rules and legal authority relating to her alleged causes of action; and specifically warned Plaintiff that her "**repeated failure to cure the deficiencies identified in this Court's orders and/or filing of impermissible shotgun pleadings will result in the recommendation that her case be dismissed with prejudice**."  [*Id.* at 8-11 (emphasis in original).]

## II.   PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff filed her second amended complaint on February 27, 2018 [Doc. 7], and it is now before me for a preliminary screening to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2).  In it, Plaintiff now seeks to assert claims under Truth in

Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and Georgia state law in relation to the allegedly improper foreclosure of her property. [*See* Doc. 7 at 2.]  Plaintiff's claims appear to be based generally on some sort theory involving the concealment or misrepresentation of facts during either the foreclosure proceeding or at some earlier time when her mortgage was "securitized," though Plaintiff does not clearly describe any specific material disclosures that were not made or otherwise misrepresented.  [*See generally* Doc. 7 at 2-5, 13-15.] Plaintiff also suggests that because she has "indigenous status," she was able to transfer her property into a "Tribal Trust" and/or place it in the protection of "an unincorporated foreign business," such that it was protected against foreclosure proceedings.  [*Id.* at 5-8.]

Like her amended complaint, Plaintiff's second amended complaint is also subject to dismissal as a shotgun pleading.  Such pleadings are defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading," *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005), and typically "contain[] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal

conclusions," *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  Shotgun pleadings also characteristically fail to specify which defendant is responsible for each act alleged, making it virtually impossible to know which allegations of fact are intended to support which claims for relief.  *Beckwith*, 146 F. App'x at 372; *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  As a result, the Court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials," *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.,* 598 F.3d 802, 806 n.4 (11th Cir. 2010), thus impeding the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice, *Byrne v. Nezhat*, 261 F.3d 1075, 1128-31 (11th Cir. 2001); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).  Consequently, the Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective.  *B.L.E. ex rel. Jefferson v. Georgia*, 335 F. App'x  962, 963 (11th Cir. 2009).  Although courts liberally construe pro se pleadings, a litigant is still required to conform to procedural rules, and this Court is not required to rewrite a deficient pleading.  *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998),

7

*recognizing overruling on other grounds*, *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

Plaintiff's second amended complaint includes all of the hallmarks of a shotgun pleading. As an initial matter, it is once again unclear whom Plaintiff intends the parties to this action to be or which causes of action are asserted against whom. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (recognizing that one trait of shotgun pleadings is "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against"). Plaintiff names both the "Keisha Jones Express Trust" and herself individually as plaintiffs, lists a number of new individuals as defendants in the caption, removes several entities and individuals from the caption, but also names or otherwise identifies various other individuals and entities as defendants within the body of the pleading. [*See, e.g.*, Doc. 7 at 1 (naming only Bayview, GMAC, and corporate officers as defendants in caption), 2 (identifying Ocwen, a corporate officer, and World Savings Bank as defendants), 9 (same).][5] Along

---

[5] Plaintiff's second amended complaint does not include page numbers; here again, the Court uses the page numbers automatically generated by the CM/ECF system.

similar lines, in each cause of action, Plaintiff simply refers to the defendants generally, without identifying which party she seeks to assert each claim against. [*Id.* at 9-15.]

In similarly confusing fashion, Plaintiff never makes clear the factual or legal bases of her claims. Her "Factual Allegations" section is bereft of understandable factual allegations, and is instead replete with pages of legalese, general allegations that unspecified misrepresentations were made, and demands that the promissory note, security instruments, and/or accounts associated with her mortgage be validated. [Doc. 7 at 2-9.] Without these factual bases explaining in some understandable way what the circumstances were giving rise to Plaintiff's asserted claims, it is virtually impossible to frame a responsive pleading. *Anderson*, 77 F.3d at 366. Indeed, the flaw in the second amended complaint is not that it alleges too much information in a haphazard fashion; rather, it fails to satisfy the rudimentary pleading requirements of Federal Rules of Civil Procedure 8(a) and 10(b). *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (holding that a complaint fails to state a claim unless the well-pled factual allegations of the complaint nudge the claims across the line from conceivable to plausible); *see also*

9

*Calhoun v. Nationstar*, No. 1:13-CV-2581-TWT, 2013 WL 5493311 (N.D. Ga. Sept. 30, 2013) (summarily dismissing foreclosure action because the generic form complaint did not include factual allegations); *Ponder v. Bank of N.Y. Mellon*, No. 5:10-CV-144, 2010 WL 2950681, at *1 (M.D. Ga. July 21, 2010) (same).  For this reason alone, the second amended complaint is subject to dismissal.

Likewise, within her causes of action, Plaintiff only cites generally to statutes or other legal authority, suggests that "defendants" acted wrongly under that authority, but never explains which defendant took a particular action or why any particular defendant would be liable under a given statute or common law theory of relief.  [Doc. 7 at 9-15.]   Indeed, rather than include any specific factual allegations within any cause of action, she simply incorporates by reference every prior allegation [*id.*]; and as a result, it is extremely difficult, if not impossible, to determine which of the prior factual allegations (to the extent there are cognizable factual allegations) are intended to support the various claims, or even what the intended legal theory of recovery actually is.  *See Beckwith*, 146 F. App'x at 372; *Strategic Income Fund*, 305 F.3d at 1295.  Accordingly, Plaintiff's second amended complaint—as with her original and amended complaints—is a shotgun pleading subject to dismissal.

When a court has ordered repleader and a plaintiff has failed to comply with the court's order by filing a repleader with the same deficiencies, the court should strike the pleading or, depending on the circumstances, dismiss the case and consider the imposition of monetary sanctions. *Abimbola v. Broward City*, 266 F. App'x 908, 909-10 (11th Cir. 2008) (dismissing complaint after giving plaintiff one chance to replead because plaintiff failed to follow the court's instructions on how to replead); *Lampkin-Asam v. Volusia City. Sch. Bd.*, 261 F. App'x 274, 276 (11th Cir. 2008) (affirming district court's dismissal of complaint with prejudice because it still did not comply with Rule 8 after plaintiff was given two opportunities to amend her complaint); *Byrne*, 261 F.3d at 1033 (11th Cir. 2001), *abrogated on other grounds*, *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the Court's ability to administer justice." *Beckwith*, 146 F. App'x at 372.

Applying these principles to the facts of this case, Plaintiff's second amended complaint is yet another shotgun pleading that violates the federal pleading requirements and this Court's prior orders, and her case should be

11

dismissed.  *See Abimbola*, 266 F. App'x at 909-10; *Lampkin-Asam*, 261 F. App'x at 276; *Beckwith*, 146 F. App'x at 372; *see also Goodison v. Wash. Mut. Bank*, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming *sua sponte* dismissal of plaintiff's complaint because plaintiff's effort to amend her complaint was not a meaningful attempt to comply with the court's order); LR 41.3A(2), NDGa ("The court may, with or without notice to the parties, dismiss a civil case . . . if . . . [a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case.").  It is no longer appropriate allow Plaintiff yet another—that is, fourth—opportunity to bring her complaint into compliance.

Plaintiff has now twice completely disregarded this Court's Orders and careful instruction about how to replead her complaint, and there is no indication that further allowances would yield different results.  Where it appears that a more carefully drafted complaint might state a claim, a pro se plaintiff is supposed to be given an opportunity to amend the complaint before the court dismisses the action. *De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  However, the court need not grant leave to amend "where amendment would be futile." *Id.* The "repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of amendment, and futility of the amendment can justify dismissal with prejudice." *Carvel v. Godley*, 404 F. App'x 359, 360 (11th Cir. 2010); *see also Marshall v. Aryan Unlimited Staffing Sol./Faneuil Inc./MacAndrews Holding*, 599 F. App'x 896, 898 (11th Cir. 2015) (upholding dismissal with prejudice of pro se plaintiff's Title VII action after plaintiff's "repeated failure, after multiple warnings, to file a complaint that complied with procedural rules and the court's orders"); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 998 (11th Cir. 2014) (concluding that district judge did not abuse his discretion when he did not *sua sponte* offer pro se plaintiff an opportunity to amend his complaint because pro se complaint was second attempt to make a legally cognizable claim arising from an alleged attempted foreclosure on real property and there was no indication that if plaintiff was given a third bite at the apple, he would correct the numerous deficiencies in his complaint); *Birdette v. Saxon Mortgage*, 502 F. App'x 839, 841 (11th Cir. 2012), *cert. dismissed*, 133 S. Ct. 1597 (2013) (upholding district court's dismissal of plaintiffs' claims with prejudice after plaintiffs had filed multiple complaints "in both state and federal court").

Furthermore, Plaintiff has since filed two frivolous removals of state court proceedings filed by Bayview and Natures Point.[6] *See Natures Point Homeowners Assoc., Inc. v. Jones*, Case No. 1:18-cv-942-WSD-JKL (N.D. Ga. Mar. 2, 2018); *Bayview Loan Serv. LLC v. Jones*, Case No. 1:18-cv-943-WSD-JKL (N.D. Ga. Mar. 2, 2018). It seems clear that Plaintiff is simply abusing legal processes in order forestall her eviction, despite no plausible indication that her eviction would be illegal or unlawful.[7] Giving Plaintiff further opportunities to amend her complaint might result in additional and unjustified prejudice to Bayview and Natures Point.

Accordingly, I conclude that subsequent amendment would be futile and would interfere with the Court's ability to protect its docket from frivolous and abusive litigation. As a result, this case should be dismissed without prejudice.

---

[6] Perhaps not coincidentally, Plaintiff removed mention of Bayview and Natures Point from the second amended complaint.

[7] Indeed, in the *Natures Point* removal, Plaintiff attaches an order setting a hearing for her to show cause why she should not be sanctioned for failing to comply with the court's orders in that case. See *Natures Point Homeowners Assoc., Inc.*, Case No. 1:18-cv-942-WSD-JKL, Doc. 1-1 at 4.

14

### III. CONCLUSION

For the reasons discussed above, pursuant to the screening requirements of § 1915(e)(2), I **RECOMMEND** that the Court **DISMISS** the case **WITHOUT PREJUDICE**.

IT IS SO RECOMMENDED this 6th day of March, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge