# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEISHA JONES BEY, | |
| Plaintiff, | |
| v. | 1:17-cv-5054-WSD |
| NATURES POINT HOMEOWNERS ASSOCIATION, INC, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins's Final Report and Recommendation [9] ("Final R&R") recommending that this action be dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2). Also before the Court is Plaintiff Keisha Jones Bey's ("Plaintiff") Application to Appeal In Forma Pauperis [13] ("IFP Application") and Motion to Intervene with an Injunction [18] ("Motion for Injunction").

## I.  BACKGROUND

On December 11, 2017, Plaintiff filed her initial *pro se* complaint [1.1], asserting, in an unclear and disjointed manner, claims for trespass, wrongful foreclosure, unjust enrichment, and excessive attorney's fees.  (See generally [1.1];

see also [2] at 2-3). On December 18, 2017, the Magistrate Judge reviewed Plaintiff's initial complaint and directed her to replead it within fourteen days and "clearly delineate the basis for th[e] Court's jurisdiction[,]" "present each claim for relief in a separate count," and identify which claim Plaintiff was asserting against which Defendant. ([2] at 11). On January 5, 2018, Plaintiff filed *pro so* a "lengthy and confusing" amended complaint asserting "at least eight causes of action against an uncertain group of defendants under both state and federal law, over approximately thirty varyingly formatted, spaced, and numbered/unnumbered pages." ([9] at 2-3; see also [4]). On February 14, 2018, the Magistrate Judge issued another order "allow[ing] Plaintiff one, final opportunity to replead her [amended] complaint under Federal Rule of Civil Procedure 12(e)" because the amended complaint constituted a "shotgun" pleading. ([6] at 10).

On February 27, 2018, Plaintiff filed, *pro se*, her second amended complaint in an attempt to adhere to the Magistrate Judge's February 14, 2018, Order. ([7]). On March 6, 2018, the Magistrate Judge conducted a frivolity review of the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued his Final R&R recommending dismissal without prejudice. (See generally [9]). The Magistrate Judge held that, "[l]ike her amended complaint, Plaintiff's second amended complaint is also subject to dismissal as a shotgun pleading." ([9] at 6). On

March 20, 2018, Plaintiff filed her Affidavit of Fact and Response to Final Report and Recommendation [11] ("Objections") asserting vague, general objections regarding the Court's jurisdiction over her and claiming that statutes and codes do not apply to her.

On March 27, 2018, Plaintiff filed her IFP Appeal. Shortly thereafter, on March 30, 2018, Plaintiff filed her *pro se* Motion for Injunction apparently seeking a "notice of estoppel and stipulation of constitutional challenge to all Georgia state statutes and permanent injunction against Georgia state municipalities bringing claims against" her. ([18] at 5).

## II. LEGAL STANDARDS

### A. Frivolity Review Under 28 U.S.C. § 1915(e)

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327). "[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed." Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990).

B. *Pro Se* Pleading Standard

Complaints filed *pro se* must be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Nevertheless, a *pro se* complaint must comply with the threshold requirements of the Federal Rules of Civil Procedure, and must properly state a claim upon which relief can be granted. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005); Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

C. Review of Magistrate Judge's Final R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court

conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Eleventh Circuit has held that "[i]t is critical that [any] objection[s] be sufficiently specific and not a general objection to the report." Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). "[T]o challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989); see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

Although Plaintiff filed Objections to the Final R&R, the Court finds that, even when liberally construed, Plaintiff fails to state any specific objection to the findings and recommendations of the Magistrate Judge or how those findings are factually or legally incorrect. The Court therefore conducts a review for plain error.

## III. DISCUSSION

### A. The Final R&R

Plaintiff's second amended complaint constitutes a "shotgun pleading." "Shotgun" pleadings are defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading," Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005), and typically "contain[] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions," Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings also characteristically fail to specify which defendant is responsible for each act alleged, making it virtually impossible to know which allegations of fact are intended to support which claims for relief. Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). As a result, the Court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials," PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010), thus impeding the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice,

Byrne v. Nezhat, 261 F.3d 1075, 1128-31 (11th Cir. 2001); Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). The Eleventh Circuit has therefore specifically instructed district courts to prohibit shotgun pleadings. B.L.E. ex rel. Jefferson v. Georgia, 335 F. App'x 962, 963 (11th Cir. 2009). Although courts liberally construe *pro se* pleadings, a litigant is still required to conform to procedural rules, and this Court is not required to rewrite a deficient pleading. See GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), recognizing overruling on other grounds, Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

The Magistrate Judge found that, "[a]s an initial matter, it is once again unclear whom Plaintiff intends the parties to this action to be or which causes of action are asserted against whom." ([9] at 8). The Magistrate Judge also found that, "[i]n [a] similarly confusing fashion, Plaintiff never makes clear the factual or legal bases of her claims." (Id. at 9). That is, "[h]er 'Factual Allegations' section is bereft of understandable factual allegations, and is instead replete with pages of legalese, general allegations that unspecified misrepresentations were made, and demands that the promissory note, security instruments, and/or accounts associated with her mortgage be validated." (Id.). The Magistrate Judge further noted that Plaintiff only cites generally to statutes or other legal authority, but never explains

which defendant took which particular action or why any particular defendant is liable. (Id. at 10). The Magistrate Judge concluded that "Plaintiff's second amended complaint is yet another shotgun pleading that violates the federal pleading requirements and this Court's prior orders, and her case should be dismissed." (Id. at 11-12).

The Court finds no plain error in the Magistrate Judge's findings and recommendation. The action is dismissed without prejudice.

B. Plaintiff's Motion for Injunction

Because the Court dismissed this action without prejudice, Plaintiff's Motion for Injunction is denied as moot.

C. Plaintiff's IFP Appeal

It appears Plaintiff seeks to appeal *in forma pauperis* the Court's decision adopting the Final R&R and dismissing this action without prejudice.[1] Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure. Section 1915 provides, in pertinent part:

---

[1] Although Plaintiff's IFP Appeal was filed prematurely since the Court had not yet ruled on the Final R&R at the time Plaintiff filed the IFP Appeal, the Court will consider the IFP Appeal now as if Plaintiff had filed it following the issuance of this Order.

9

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.
>
> 28 U.S.C. § 1915 (a)(1), (3).

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> (1) [A] party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Two requirements must be satisfied for a party to prosecute an appeal IFP. First, the party must show an inability to pay. Second, the appeal must be brought

10

in good faith. An appeal may not be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (internal quotation marks omitted)). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

The individual seeking to appeal IFP must submit a statement of good faith issues to be appealed. Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). A

statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit ... does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a)motion."); Martin v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith." (citations omitted)).

Here, Plaintiff has failed to submit a statement of good faith issues to be appealed as required by Rule 24(a)(1)(C) of the Federal Rules of Appellate Procedure. Fed. R. App. P. 24(a)(1)(C). Denial of the Application is warranted on this basis alone. Even if Plaintiff submitted the required statement, her appeal is not taken in good faith. Plaintiff's claims are vague and conclusory, and Plaintiff fails to specifically identify which Defendants are responsible or what liability can be attributed to which Defendants. Plaintiff also chose not to comply with the Magistrate Judge's numerous orders to correct these deficiencies. The Court therefore denies the IFP Appeal.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins's Final Report and Recommendation [9] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Appeal In Forma Pauperis [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Intervene with an Injunction [18] is **DENIED AS MOOT**.

**SO ORDERED** this 10th day of April, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE